UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

WISCONSIN MASONS PENSION FUND,
WISCONSIN MASONS HEALTH CARE FUND,
WISCONSIN MASONS APPRENTICESHIP
AND TRAINING FUND, BRICKLAYERS AND
ALLIED CRAFTWORKERS DISTRICT COUNCIL
OF WISCONSIN, and JEFFREY LECKWEE,

    Plaintiffs,
 v.                  Case No. 07-C-0464

HOWARD MASONRY,

    Defendant.
_____

## ORDER

On July 24, 2007, the court entered default judgment in favor of the plaintiffs and against defendant Howard Masonry in the amount of $945.46, representing the plaintiffs' attorneys' fees ($570.00) and costs ($375.46) through June 22, 2007. In the default judgment, the court also ordered Howard Masonry to submit to an audit of the company's books and records covering the period October 1, 2005, to July 24, 2007. The court anticipated that the judgment would be amended to include "all contributions, interest and liquidated damages due the Plaintiff Funds" as well as costs and attorneys' fees incurred after June 22, 2007.

On December 21, 2007, the plaintiffs submitted an affidavit in support of damages and attorneys' fees. However, based upon the materials submitted to the court, the court is unable to determine the amount of any contributions, interest and liquidated damages that are owing to the Plaintiff Funds. Although the plaintiffs attach the signature page of a collective bargaining agreement and pages that pertain to

audit billing, the plaintiffs have not supplied the court with documentation necessary to verify that the auditor's computation of the contribution rate per hour, the liquidated damages, and the interest is correct. At a minimum, the plaintiffs should: (1) supply the court with the portions of the collective bargaining agreement, or other authority upon which the plaintiffs rely, that pertain to the contribution rate, liquidated damages, interest and attorneys' fees; and (2) identify the auditor and file an affidavit in which the auditor explains his calculations. In this particular case, the auditor might explain: (1) why he did not assess liquidated damages in April 2006; (2) why the contribution rate changed after April 2006; (3) his reasoning for calculating interest through November 2007 when it appears that the initial audit was conducted in August 2007; and (4) the term "debit memo" and the apparent inconsistency in assessing interest for August 2006 when the audit billing sheet for that particular month does not indicate that any interest is owing to the Plaintiff Funds.

Even if the court determines that all of the auditor's calculations are correct, the plaintiffs incorrectly state that the amount owing to the Wisconsin Masons Pension Fund is $7,539.26; the auditor's report lists this amount as $7,339.26. The plaintiffs also incorrectly state their costs of prosecution. The plaintiffs previously represented to the court that their costs of prosecution through June 22, 2007, were $375.46. The plaintiffs' statement of costs now includes an additional charge of $23.50 for process service on June 14, 2007. The charge appears to be redundant with a separate charge for process service on June 14, 2007, and even if it were not redundant, the court's default judgment permitted the plaintiffs to apprise the court of costs of

2

prosecution incurred *after* June 22, 2007. The December 21, 2007 affidavit also repeatedly states that unpaid contributions, interest and liquidated damages were computed for the period October 1, 2005 through February 28, 2007, but the time frame appears to be incorrect: the plaintiffs' audit billing sheets indicate that the plaintiffs have computed unpaid contributions, interest and liquidated through June 2007. Finally, although the court does not necessarily take issue with the total amount of attorneys' fees assessed in this case, the plaintiffs must supply more information in support of their request for attorneys' fees. In this case, the plaintiffs have not identified "CM" or "RLS," persons who have recorded billable time nor have the plaintiffs indicated the billing rate of "CM," "RLS," or "JJB."

The plaintiffs shall address the issues identified in this order and supply additional information to the court in compliance with this order on or before twenty (20) days from the date of this order. The plaintiffs should not seek reimbursement from the defendant for any fees and costs incurred in an effort to comply with this order.

Accordingly,

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

3